UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—--------------------------------------------------------X
RUTH CALLE,

                  Plaintiff,

                                    Case No.: 1:25-cv-1265

    -against-

CANNON KEARNEY,

                  Defendant.

—--------------------------------------------------------X


**DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6), AND MOTION TO STRIKE THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f)**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ……………………………………………………… 3

PRELIMINARY STATEMENT ………………………………...…………… 6

PROCEDURAL HISTORY ……………………………………………………. 8

LEGAL  STANDARD …………………………………………………………. 9

LEGAL ARGUMENT ……………………………………………………… 13

   I.   THE COURT SHOULD DISMISS THIS MATTER BECAUSE IT  DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE PLAINTIFF'S CLAIMS …………………………………………………... 13

  II.  THE COURT SHOULD DISMISS THIS MATTER BECAUSE THE PLAINTIFF FAILS TO SET FORTH A PRIMA FACIE CLAIM …….. 16

 III.  THE COURT SHOULD DISMISS THIS MATTER BECAUSE IT  DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT DUE TO FAILURE OF SERVICE OF PROCESS…………………….. 18

 IV.  THE COURT SHOULD STRIKE THE ENTIRE AMENDED COMPLAINT……………………………………………...…… 20

CONCLUSION ……………………………………………………….. 22

# TABLE OF AUTHORITIES

**Case**                                                                                    **Page**

*Ahmed v UPS,* 2021 WL 3500971 (SDNY 2021) …………………………….... 9

*Anonymous v. Castagnola*, 210 A.D.3d 940 (2d Dept. 2022) ……………………13

*Appel v. Kidder, Peabody & Co.*, 628 F. Supp. 153, 155 (S.D.N.Y. 1986)............. 11

*A.W.S. v. Southampton Union Free Sch. Dist.,* 2022 WL 1166422

(EDNY 2022) …………..……………………………………….………………… 11

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986) ………………..... 10

*Breest v Haggis,* 180 AD3d 83 (1st Dept 2019).....................................................16, 20

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615

(6th Cir. 2004) ……………………………………………………………….. 18

*Cabot v. Wal-Mart Stores, Inc.*, 2012 WL 1378529 (D.N.M. 2012) …………… 21

*Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398 (9th Cir. 1994) ………………… 18, 19

*Dean v Town of Hempstead,* 527 F Supp 3d 347 (EDNY 2021)............................9

*Doe v Doe*, 83 Misc 3d 408 (Sup Ct 2024) ……………………………………….. 14

*Dzganiya v Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP,* 2018 WL 2247206

(SDNY 2018) …………………………………………………………………… 9

*Huntress v. United States,* 810 F. App'x 74 (2d Cir. 2020) ………..………....…  9

*Ines Figueroa v. Ponce De Leon Fed. Bank*, 2012 WL 3264552

(S.D.N.Y. 2012)................................................................... 10

*Jones v. Bock*, 549 U.S. 199 (2007)..................................................... 10

*Kelly v 21 Group Inc.,* 2023 WL 12027882 (EDNY 2023) …………………….. 9

*Kidder v Hanes*, 2023 WL 2992032 (WDNY 2023) ………………………...…… 11, 12, 21

*Morson v. Kreindler & Kreindler, LLP*, 814 F.Supp.2d 220 (E.D.N.Y.2011) …. 10

*Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.,* 943 F.3d

613 (2d Cir. 2019) …………………………………………………………...… 10

*Roldan v Lewis*, 2025 WL 676090 (EDNY 2025) ……………………………… 16, 17

*Samuel W. v United Synagogue of Conservative Judaism*, 219 AD3d 421

(1st Dept 2023) …………………………………………………………………… 7, 14, 17

*S. H. v Diocese of Brooklyn*, 205 AD3d 180 (2d Dept 2022) ………………… 14

*Smith v Pro Camps, Ltd.*, 226 AD3d 936 (2d Dept 2024) …………………… 13

*SOCAR v. Boeing Co.*, 144 F. Supp. 3d 391 (E.D.N.Y. 2015) ………………… 11

*Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626–27 (2d Cir.1998)................... 10

*Tanges v Heidelberg N. Am., Inc.*, 173 F3d 846 (2d Cir 1999) ……………… 13

*United States v. Assa Co.,* 934 F.3d 185, 188 (2d Cir. 2019) ………………… 9

*Wright v Musanti,* 887 F3d 577, 583 (2d Cir 2018)........................................... 9

# STATUTES/RULES

Article III of the Constitution ………………………………………………… 9

Fed. R. Civ. P. 4(h)(1)(B) …………………………………………………….. 18

Fed. R. Civ. P. 12(b)(1)......................................................................... 9

Fed. R. Civ. P. 12(b)(6) …………………………………………………… 10

Fed. R. Civ. P. 12(f) …………………………………………………….. 11

NYC Admin. Code, § 1-101 et seq. …………………………...………….. 20

N.Y. CPLR § 202 ……………………………………….……...… 10, 11

N.Y. CPLR § 214–g..…………………………….…..………………….……   13,14

N.Y. CPLR § 214-j …………………………….…..………………….……   13,14

N.Y. CPLR § 3024(b) …………………………………………………… 20

# PRELIMINARY STATEMENT

The instant vexatious litigation is nothing more than a progeny, of at least five (5) criminal complaints, all dismissed, falsely alleged by Ms. Ruth Calle ("Calle" or "Plaintiff") against Mr. Cannon Kearney, Esq. ("Kearney" or "Defendant") regarding emotional and physical abuse of Plaintiff.[1]

This *Amended Complaint* ("*Complaint*" or "*Amended Complaint*"), unfortunately, attempts to bootstrap Plaintiff into a class of vulnerable and targeted victims that the New York City Gender Motivated Violence Act ("GMVL") intended to protect.  Plaintiff, in this case, is not, nor has ever been victimized by Defendant, rather Kearney has been relentlessly assaulted, threatened, and intimidated by Calle, a woman who imagined a romantic relationship in her mind, and has sought to punish Defendant who has refused to be a character in Plaintiff's fairytale romance.

Calle, a resident of the State of Pennsylvania, solely intends to publicly humiliate, harass, and embarrass Kearney, a resident of the State of New York, and a licensed attorney in good standing, while also wasting this Court's time and resources.

The *Complaint* is ripe for dismissal on the merits for several reasons, most importantly, subject matter jurisdiction is lacking (as the Court previously averred);

---

[1] Importantly, the majority of the allegations of emotional and physical abuse in the Complaint are not sexual in nature.

furthermore, Calle is not currently a resident of New York City, nor was Calle a resident of New York City at the time of her alleged claim(s) (all untruthful) and/or when the cause of action accrued. As per the Plaintiff's own affirmation, the substantial portion of the alleged incidents in the *Amended Complaint*, occurred outside of New York City (*Complaint* ¶¶ 12-39, 43-47, 50-52, 59-60, 63, 67, and 69), and during times when neither Party was a resident of New York City[2] (*Complaint* ¶¶ 8-39). For the foregoing, the Defendant requests that the instant *Complaint* be dismissed with prejudice.

The instant *Motion to Dismiss* will highlight the numerous reasons the Plaintiff's vexatious *Amended Complaint* does not conform, including, the GMVL was not meant to protect, revive the statute of limitations[3], or "open the doors of justice," for non-NYC resident litigants such as the Plaintiff; the Defendant was not properly served at his place of employment thus the Court does not have personal jurisdiction over the Defendant; and, the *Complaint* must be stricken in entirety as the facts stated, and the exhibits/photographs attached, are scandalous, serve no purpose, and prejudice the Defendant; therefore, the Court should find that this *Amended Complaint* should be dismissed with prejudice.

---

[2] Under the GMVL, as decided in *Samuel W.*, the only residency that is relevant is the Plaintiff's. *See Samuel W. v United Synagogue of Conservative Judaism*, 219 AD3d 421, 422 (1st Dept 2023).

[3] In New York, for civil cases, the statute of limitations for personal injury, which includes assault, is generally 3 years from the date of the injury.

## PROCEDURAL HISTORY

On February 12, 2025, Plaintiff's counsel filed a *Complaint* naming Kearney as Defendant. Thereafter, on February 14, 2025, the Court rendered an *Order,* to wit, "Plaintiff merely alleges the parties states of residence, not their citizenship. This is not enough." Plaintiff thereafter, filed the instant *Amended Complaint*, which still *does not set forth diversity of citizenship.*

On March 11, 2025, the Plaintiff allegedly served the Defendant, at  his actual place of business, with process. The Plaintiff's *Affidavit of Service* attests service was accepted by Jane Doe (Co-Worker), a person of suitable age and discretion. There was no indication who Jane Doe was, no photo or other proof that Jane Doe was approached, and no indication that the server attempted to prove that the litigation documents were left with Jane Doe or that Jane Doe was  someone who could accept service for the Defendant. Service was fatally defective as no officer, managing or general agent, or any other agent authorized by appointment or by law received service of process, and the papers were not mailed; therefore, the Court does not have personal jurisdiction over the Defendant.

## LEGAL STANDARD

**Fed. R. Civ. P. 12(b)(1) - Subject Matter Jurisdiction**

The *Complaint* lacks subject matter jurisdiction pursuant to the federal rules of civil procedure.

To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file two types of Rule 12(b)(1) motions: a facial attack, which challenges jurisdiction "facially," by arguing that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction, or a "factual" attack, which presents extrinsic evidence (affidavits, etc.) disputing the truth of the allegations of the complaint that would otherwise invoke federal jurisdiction. *See Dean v Town of Hempstead,* 527 F Supp 3d 347, 386 (EDNY 2021); *see* also *Huntress v. United States,* 810 F. App'x 74, 75 (2d Cir. 2020).

Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. Const. art. III, § 2; *see also Wright v Musanti,* 887 F3d 577, 583 (2d Cir 2018); *Kelly v 21 Group Inc.,* 22-CV-0226 (MKB), 2023 WL 12027882, at *4 (EDNY Mar. 31, 2023); *United States v. Assa Co.,* 934 F.3d 185, 188 (2d Cir. 2019); *Ahmed v UPS, 21-CV-743 (JPO),* 2021 WL 3500971, at *1 (SDNY 2021); *Dzganiya v Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP,* 1:17-CV-04525-GHW, 2018 WL 2247206, at *5 (SDNY 2018); Unless affirmatively demonstrated, a Federal court

is presumed to lack subject matter jurisdiction. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.,* 943 F.3d 613, 616 (2d Cir. 2019); *see Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986).

**Fed. R. Civ. P. 12(b)(6) - Statute of Limitations**

The three (3) year New York statute of limitations for assault and harassment has run; therefore, the Plaintiff's *Complaint*, although meritless, is time barred.

A complaint may be dismissed as untimely under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's factual allegations demonstrate that relief would be barred by the applicable statute of limitations. *See Ines Figueroa v. Ponce De Leon Fed. Bank*, No. 11–cv–7633, 2012 WL 3264552, at *1 (S.D.N.Y. 2012) (*citing Jones v. Bock*, 549 U.S. 199, 214–15, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In diversity cases, a federal court located in New York will generally apply the choice-of-law rules and statute of limitations of the law of the forum state, not the law of the state in which the action accrued. *See Morson v. Kreindler & Kreindler, LLP*, 814 F.Supp.2d 220, 225 (E.D.N.Y.2011); *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626–27 (2d Cir.1998). The general rule, however, is subject to a statutory exception: New York's "borrowing statute," or C.P.L.R. § 202 ("Section 202"). Stuart, 158 F.3d at 627; N.Y. C.P.L.R. § 202.

Pursuant to Section 202, where a plaintiff, not a resident of New York, sues upon a cause of action that arose outside of New York, a district court must apply the shorter limitations period of either: 1) New York; or 2) the state where the cause of action 'accrued.' *See* N.Y. C.P.L.R. § 202; *see SOCAR v. Boeing Co.*, 144 F. Supp. 3d 391, 395 (E.D.N.Y. 2015).

One of the purposes of this borrowing statute is for a resident defendant to have the shorter of the potential statutes of limitations. *See Appel v. Kidder, Peabody & Co.*, 628 F. Supp. 153, 155 (S.D.N.Y. 1986). This section also is to prevent "nonresidents from shopping in New York for a favorable Statute of Limitations." *See Kidder v Hanes*, 21-CV-1109S, 2023 WL 361200, at *5 (WDNY2023).

**Fed. R. Civ. P. 12(f) - Motion to Strike**

The Plaintiff's *Complaint* is wholly scandalous; therefore, the *Complaint* should be stricken in entirety.

A timely Motion to Strike is made either before responding to the pleading or, if response is not allowed, within 21 days of service of the pleading, Fed. R. Civ. P. 12(f)(2), *see A.W.S. v. Southampton Union Free Sch. Dist.*, No. 2:19-cv-889, 2022 WL 1166422, at *2 (E.D.N.Y. 2022). This Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), either acting upon a motion, id. R. 12(f)(2) (see Docket No. 24), or on its

own, id. R. 12(f)(1). Commentators note that courts define "immaterial" matters in Rule 12(f) as "that which has no essential or important relationship to the claim for relief," 5C Federal Practice and Procedure, supra, § 1382, at 458 & n.39 (citing cases). Averments of evidentiary facts or superfluous historical allegations may be subject to a Motion to Strike. *See Kidder v Hanes*, 21-CV-1109S, 2023 WL 2992032, at *5 (WDNY 2023).

## LEGAL ARGUMENT

I. **THE COURT SHOULD DISMISS THIS MATTER BECAUSE IT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE PLAINTIFF'S CLAIMS**

The Court lacks subject matter jurisdiction as the Plaintiff does not have diversity of citizenship; coupled with the fact that the GMVL is inapplicable because the Plaintiff did not live in New York City during the times of the alleged incidents.

New York CPLR 214–g, 214-j, and GMVL were enacted specifically "for the benefit of New York residents." *See Smith v Pro Camps, Ltd.*, 226 AD3d 936 (2d Dept 2024). Pursuant to the "resident exception" of the borrowing statute a claim that accrues in favor of a New York resident will be governed by the New York statute of limitations regardless of where the claim accrued. *See Tanges v Heidelberg N. Am., Inc.*, 45 F Supp 2d 258, 258 (SDNY 1997), affd, 173 F3d 846 (2d Cir 1999). The purpose of the statutes such as CPLR 214-g, 214-j, or GMVL was to remedy the injustices to survivors of sexual abuse by extending New York's restrictive statutes of limitations that required most survivors to file civil actions or criminal charges long before they reported or came to terms with their abuse. *See Anonymous v. Castagnola*, 210 A.D.3d 940, 944, 178 N.Y.S.3d 587 (2d Dept. 2022).

In this matter, unlike in *Smith*, the Plaintiff is not currently a resident of New

York City, nor was she a resident of New York City at the time of the alleged incidents. In fact, Calle stated in her pleading that she resided in Pennsylvania, North Carolina, New Jersey, and Maryland (*Complaint* ¶¶ 6, 8, 39, 50), yet she never attested to residing in New York City; therefore, the New York City Gender Motivated Victims Act in which the Plaintiff claims entitles her to relief was not meant for the Plaintiff's benefit thus Calle's *Amended Complaint* should be dismissed with prejudice.

The facts of *Diocese of Brooklyn* are that the court refused to revive claims brought by a nonresident. *See S. H. v Diocese of Brooklyn*, 205 AD3d 180 (2d Dept 2022). Based on the Court's reading of *Samuel W.*, the only residency that is relevant to whether CPLR 214-g, 214-j, or GMVL can be applied "territorially" to sexual assaults occurring outside New York is the plaintiff's. *See Samuel W. v United Synagogue of Conservative Judaism*, 219 AD3d 421, 422 (1st Dept 2023). The defendant Doe suggests, "upon information and belief" only, that plaintiff was not a resident of New York City however the Court must also accept plaintiff's pleaded residency to be in New York City; therefore, defendants have not demonstrated the GMVL to be inapplicable to plaintiff's claims. *See Doe v Doe*, 83 Misc 3d 408, 415 (Sup Ct 2024).

Here, as in *S.H.*, the Plaintiff is a non-resident and the majority of Plaintiff's allegations revolve around receiving emotional and physical abuse, not sexual in

nature, from the Defendant outside of New York City; therefore, in distinction from *Doe*, Calle's residency, as attested by the Plaintiff, herself, in the *Amended Complaint*, is not in New York City at the time of filing, or at the time of the alleged incidents; therefore, as set forth in the cases cited above, GMVL is patently inapplicable.

## II.   THE COURT SHOULD DISMISS THIS MATTER BECAUSE THE PLAINTIFF FAILS TO SET FORTH A PRIMA FACIE CLAIM

The Plaintiff's *Amended Complaint* failed to set forth a prima facie claim under the GMVL; therefore, the Plaintiff's claim(s), which concluded in 2019, should not be revived from the 3 years New York statute of limitations for assault and harassment.

The term "crime of violence motivated by gender" is defined as a "crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." *See Breest v Haggis,* 180 AD3d 83, 85 (1st Dept 2019). There must be an element that the victim did not consent to the sexual activity in question; however, other crimes of violence, such as assault, do not inherently involve gender animus…(id.) General claims of physical and emotional abuse that are not sexual in nature ... are not revived. *See Roldan v Lewis*, 20-CV-03580 (HG) (MMH), 2025 WL 676090, at *6 (EDNY 2025).

Here, as stated in *Breest,* the Court should dismiss this matter because the majority of the allegations are for crimes that do not inherently involve gender animus, such as assault and harassment; therefore, the *Amended Complaint* should be dismissed as it fails to state a claim that the Defendant committed a crime of violence motivated by gender. The *Complaint* states "Defendant  KEARNEY also repeatedly cheated on Plaintiff with other women, which was the basis of many

fights that culminated in Plaintiff sustaining physical injuries" (*Complaint* ¶¶ 16), which although untrue, these crimes are not sexual in nature thus Calle's general claims of physical and emotional abuse from the time period of July 2012 to July 2019, as stated in *Roldan*, should not be revived under the GMVL.

Defendant notes that Plaintiff included two (2) paragraphs out of her entire eighty-four (84) paragraphs of the *Complaint* that sets forth allegations of physical and emotional abuse that are sexual in nature. Notwithstanding, these claims, even if true, still would not permit Calle to revive the GMVL; albeit Plaintiff's claims are both outrageous and untrue. One of the falsely alleged incidents sets forth that the Defendant exposed himself, and the incident, as described in the *Amended Complaint*, occurred outside of New York, as neither of the Parties were residents of New York City.[4] (*Complaint* ¶¶ 19-20). The second overbroad maliciously false allegation(s) that the Defendant forced the Plaintiff between 2015 through 2019 to give him oral sex on multiple occasions while driving in his car in New York City still does not pass muster because although the timeframe falls into when the Defendant resided in New York City, as previously stated the Plaintiff was not a resident of New York City; therefore, the Court should dismiss the *Amended Complaint* with prejudice. (*Complaint* ¶¶ 40).

---

[4]As previously mentioned, according to *Samuel W.*, the only residency that is relevant to whether GMVL can be applied "territorially" to the alleged South Carolina sexual assault is the Plaintiff's.

### III.    THE COURT SHOULD DISMISS THIS MATTER BECAUSE IT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT DUE TO FAILURE OF SERVICE OF PROCESS

The Plaintiff allegedly served Jane Doe with process at the Defendant's place of employment but there was no indication who Jane Doe was, no photo or other proof that Jane Doe was approached, and no indication that the server attempted to prove that the litigation documents were left with Jane Doe or that Jane Doe was someone who could accept service for the Defendant; therefore, the Plaintiff did not properly serve the Defendant thus the Court does not have personal jurisdiction over the Defendant.

When serving someone at their  place of employment, service of process is effectuated  after delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004). If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. *See Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994).

In this matter, the Plaintiff purports in her *Affidavit of Service* to have served

the Defendant at his place of employment, and that service was accepted by "Jane Doe (Co-Worker);" therefore, service of process has not been effectuated as the summons and complaint were laid on a desk in an office suite not owned, or leased in entirety, by the Defendant. It was sheer luck that the Defendant received the *Amended Complaint* as no member, staff, or employee of his Firm was served. Additionally, the Defendant is a sole partner at his place of employment and has no equal members or "co-workers." Also, the Defendant does not know anyone named Jane Doe, nor is Jane Doe an officer, a managing or general agent, any other agent authorized by appointment or by law to receive service of process for the Defendant. Although untrue, even if this unknown Jane Doe was vested with powers of discretion, and accepted service of process on behalf of Kearney; as stated in *Chan*, the Plaintiff was required to mail a copy to the Defendant, and although it is stated as being mailed in the *Affidavit of Service*, the Defendant did not receive any service via mail from the Plaintiff.

    For the aforementioned reasons, the Court does not have personal jurisdiction over the Defendant.

## IV. THE COURT SHOULD STRIKE THE ENTIRE AMENDED COMPLAINT

The Plaintiff's *Amended Complaint* must be stricken in entirety, or in the alternative, seal the entire complaint in the interest of justice because to not seal or strike would seem to be aiding the malicious efforts of the Plaintiff to publicly humiliate the Defendant.

Relevancy is the "measuring rod" (Siegel, N.Y. Prac § 230 [5th ed 2011]). For the reasons stated above, the Jane Doe allegations herein are not necessary to satisfy the animus requirement of VGM. Accordingly, they should be stricken from the complaint as they serve no purpose at this juncture and tend to prejudice the defendant. *See Breest v Haggis*, 180 AD3d 83, 95 (1st Dept 2019). "Jane Doe" allegations in complaint filed by film publicist against film producer, alleging that three other women accused producer of rape or attempted rape, should be stricken as prejudicial to producer and irrelevant to publicist's claims under Victims of Gender-Motivated Violence Protection Law (VGM); publicist's claims of rape and sexual assault satisfied gender-based animus requirement of VGM. N.Y. CPLR § 3024(b); New York City Administrative Code, § 1-101 et seq. (id.).

In this matter, similar to the holding in *Haggis*, the Court should strike the entire *Complaint*, as the Plaintiff's averments of evidentiary facts and superfluous historical allegations, including, Defendant suffered from Post Traumatic Stress

Disorder ("PTSD"); Defendant, while Parties were visiting Los Angeles, forcibly pulled Plaintiff out of the car while they were at a car wash; and, Plaintiff attempted to "move on from her abusive, turbulent, and violent relationship with Defendant…he continued to pursue her," (*Complaint* ¶¶ 10, 23, and 51) are not necessary to satisfy the animus requirement of GMVL; therefore, the *Amended Complaint* should be stricken in entirety, or sealed, as the allegations serve no purpose and prejudice the Defendant.

Photographs, arrest records, and newspaper articles also are not "written instruments" for inclusion with the Complaint. *See Cabot v. Wal-Mart Stores, Inc.*, No. CIV 11-0260 JB/RHS, 2012 WL 1378529 (D.N.M. 2012). The Court held in *Kidder* that the exhibits attached to the Amended Complaint were to be stricken and Dennis' Motion to Strike (Docket No. 24) these exhibits was granted. *See Kidder v Hanes*, 21-CV-1109S, 2023 WL 2992032, at *11 (WDNY 2023).

Similar to *Cabot*, the *Complaint* contains five (5) exhibits (*Complaint* Exhibits A-E), or photographs of the Plaintiff that are not "written instruments" for inclusion with the *Amended Complaint*, thus one can only conclude that the Plaintiff's sole purpose of filing the exhibits was to publicly humiliate, harass, and embarrass Kearney; therefore, as in *Kidder*, the Court should strike the exhibits attached to the *Amended Complaint*, and the Defendant's *Motion to Strike* these exhibits, and the entire *Complaint*, should be granted.

## CONCLUSION

Based on the foregoing, the Defendant respectfully requests that this Court grant its Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and Motion to Strike the Amended Complaint pursuant to Fed. R. Civ. P. 12(f).

New York, New York
DATED: March 31 , 2025

                       _____

                       Law Firm of Poppe and Associates, PLLC
                       Kamelia "Mia" Poppe, Esq.
                       142 West 57th Street, Suite 1007
                       New York, NY 10019
                       Ph.: 212.792.9501
                       Attorney for Cannon Kearney