```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
RUTH CALLE,                                                          :
                                                                     :
                         Plaintiff,                                  :
                                                                     :       25-CV-1265 (JMF)
                -v-                                                  :
                                                                     :    MEMORANDUM OPINION
CANNON KEARNEY,                                                      :         AND ORDER
                                                                     :
                         Defendant.                                  :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

  Plaintiff Ruth Calle sues Defendant Cannon Kearney under New York City's Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), N.Y.C. Admin. Code §§ 10-1101 *et seq.*, seeking damages in connection with gender-motivated violence allegedly perpetrated by Kearney during the parties' tumultuous on-again, off-again seven-year romantic relationship. *See* ECF No. 17 ("SAC"), ¶¶ 1, 3. 81-85.  Kearney now moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Calle's Second Amended Complaint ("Complaint"); he also moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike the Complaint in full.  ECF No. 12 ("Def.'s Mot.").  For the reasons discussed below, Kearney's motions must be and are denied in their entirety.

## MOTIONS TO DISMISS

  Kearney's argument that this Court lacks subject-matter jurisdiction under Rule 12(b)(1) can be swiftly rejected.  His contention that there is no diversity jurisdiction because Calle does not reside in New York, *see* Def's Mot. 13-15, is wholly misguided.  Indeed, Calle may invoke this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 precisely *because* she is *not* a citizen of New York, as Kearney *is* a citizen of New York.  *See* SAC ¶¶ 6-7.  Meanwhile,

Kearney cites, and the Court has found, no authority to support his contention that non-residents cannot bring claims under the VGMVPL.  *See* Def.'s Mot. 13-14.  The cases that Kearney cites in support of his contention — *Smith v Pro Camps, Ltd.*, 226 A.D.3d 936 (N.Y. App. Div. 2d Dep't 2024), *Samuel W. v. United Synagogue of Conservative Judaism*, 219 A.D.3d 421 (N.Y. App. Div. 1st Dep't 2023), and *S.H. v Diocese of Brooklyn*, 205 A.D.3d 180 (N.Y. App. Div. 2d Dep't 2022) — all involved a different question and a different statute: whether a resident of another state may avail him or herself of N.Y. CPLR § 214-g, a "statute enacted as part of the New York Child Victims Act that revives time-barred causes of action brought by survivors of childhood sexual abuse."  *S.H.*, 205 A.D.3d at 182.  Those cases have no bearing whatsoever on whether, as here, a resident of another state may bring a substantive claim under the VGMVPL for conduct in New York City.

Moreover, Kearney's contention that non-residents cannot bring claims under the VGMVPL is in tension, if not conflict, with the language of the statute, which, without qualification, broadly provides a cause of action to "*any* person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender."  N.Y.C. Admin. Code § 10-1104 (emphasis added); *see Jones v. Bill*, 10 N.Y.3d 550, 554 (2008) ("As a general proposition, we need not look further than the unambiguous language of the statute to discern its meaning.").  It is also belied by cases brought by non-New York residents.  *See, e.g.*, *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *1 (S.D.N.Y. Dec. 5, 2024) (denying a motion to dismiss a VGMVPL claim brought by a Michigan resident).  Finally, and in any event, whether or to what extent the VGMVPL applies extraterritorially or to non-residents is not relevant to the question of subject-matter jurisdiction.  *See, e.g.*, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 253-54 (2010)

(stating that "to ask what conduct [a law] reaches is to ask what conduct [the law] prohibits, which is a merits question" that is "quite separate from" subject-matter jurisdiction). Accordingly, Kearney's motion to dismiss for lack of subject-matter jurisdiction must be and is DENIED.

Kearney's motion to dismiss for failure to state a claim fares no better. First, contrary to his contention that "the majority of the allegations are for crimes that do not inherently involve gender animus, such as assault and harassment," Def.'s Mot. 16, the Complaint adequately pleads "'a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender,'" *Garcia v. Comprehensive Ctr., LLC*, No. 17-CV-8970 (JPO), 2018 WL 3918180, at *5 (S.D.N.Y. Aug. 16, 2018) (quoting N.Y.C. Admin. Code § 8-903(b)). The Complaint does not merely allege shocking and violent acts perpetrated by a male against a female. It establishes an extensive pattern of domestic violence against Calle, composed of degrading comments, physical assault, and sexual abuse. To provide merely one example, the Complaint alleges that "Kearney forced [Calle] to give him oral sex on multiple occasions while they were driving in his car in New York City." SAC ¶ 40. That alone is sufficient, as courts have held that "[a]nimus inheres where consent is absent" and sexual assault is, "by definition, [an] action[] taken against the victim without the victim's consent." *Breest v. Haggis*, 180 A.D.3d 83, 94 (N.Y. App. Div. 1st Dep't 2019); *see Doe v. Olive Leaves, Inc.*, No. 18-CV-5734 (HG) (TAM), 2024 WL 3048373, at *11 (E.D.N.Y. Feb. 16, 2024) ("[A]llegations of rape or sexual assault are, by themselves, sufficient to plead animus based on the victim's gender.").

In any event, Calle also pleads longstanding physical abuse by Kearney during their relationship, including a February 2015 incident in which Kearney "punched" Calle, "pulled her

3

hair," and "dragged [her] into a hallway in his apartment by her shirt" before his roommate called the police. SAC ¶¶ 41, 43. She also alleges that Kearney used degrading and misogynistic language towards her. *Id.* ¶ 44 (alleging that Kearney stated to Calle: "[H]orrible you admit to a stretched out pussy… sad you were raped so young [shaking my head]"); *see HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881 (CS), 2012 WL 4477552, at *17 (S.D.N.Y. Sept. 27, 2012) ("[T]he use of gendered or sexually loaded insults such as 'bitch,' 'whore,' 'prude,' and 'slut' can certainly be indicative of animus on the basis of sex."). Taking these allegations together and assuming them to be true, the Court has no trouble concluding that Calle plausibly pleads that Kearney's violence against her was at least partially due to gender-motivated animus.

There is also no merit to Kearney's contention that Calle's claim is time barred. *See* Def.'s Mot. 10. Calle's claims are not, as Kearney contends, subject to New York's three-year limitations period for assault and harassment claims. In 2022, the VGMVPL was amended to revive claims, previously time-barred, so long as they were "commenced not earlier than six months after, and not later than two years and six months after, September 1, 2022." N.Y.C Admin. Code § 10-1105(a). It follows that otherwise time-barred VGMVPL claims are timely if they were filed between March 1, 2023, and March 1, 2025. *See Dixon v. Reid*, 744 F. Supp. 3d 323, 327 n.4 (S.D.N.Y. 2024) ("The [VGMVPL] . . . was amended in 2022 to re-open the statute of limitations for [VGMVPL] claims for a two-year period beginning March 1, 2023 and ending March 1, 2025."); *Roldan v. Lewis*, No. 20-CV-03580 (HG) (MMH), 2025 WL 676090, at *11

4

(E.D.N.Y. Mar. 3, 2025) (same).[1] Calle's claim was filed on February 12, 2025 — within that period — so it is plainly not time barred.

Finally, Kearney argues that the Complaint should be dismissed for deficient service because "no member, staff, or employee of his Firm was served"; service was instead received by a "Jane Doe" at his place of business; and Kearney "does not know anyone named Jane Doe." *See* Def.'s Mot. 18-19.[2] But Kearney fails to rebut the affidavit of service, which supports a conclusion that the Complaint was delivered "to a person of suitable age and discretion" at Kearney's place of business and then mailed to him, which would suffice. *See* Fed. R. Civ. P. 4(e); N.Y. CPLR § 308(2); *see also Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) ("In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service."); *Kihl v. Pfeffer*, 94 N.Y.2d 118, 122 (1999) ("[A] properly executed affidavit of service raises a presumption that a proper mailing occurred, and a mere denial of receipt is not enough to rebut this presumption."). In any event, Kearney concedes that he "received the Amended Complaint" after the Jane Doe was served, meaning that he had actual notice of the Complaint, *see* Def.'s Mot. 19, and he claims no prejudice from the allegedly deficient service. Accordingly, even assuming *arguendo* that service was deficient, the error would be "harmless." *Anderson v. Lalley*, No. 12-CV-6355 (FPG), 2015 WL 6686586, at *4 (W.D.N.Y. Oct. 29, 2015) (finding allegedly deficient service to

---

[1] Calle points out that district courts have disagreed as to whether the VGMVPL's revival amendment is preempted by the statute of limitations revived by the New York Adult Survivors Act, N.Y. CPLR § 214-j. *See* ECF No. 19 ("Pl's Opp'n"), at 12 n.3. However, the Court need not and does not wade into this debate, because "[t]he statute of limitations is an affirmative defense," *In re Crude Oil Commodity Futures Litig.*, 913 F. Supp. 2d 41, 58 (S.D.N.Y. 2012), and Kearney makes no such preemption argument.

[2] Although Kearney makes this argument pursuant to Rule 12(b)(6), it is properly raised pursuant to Rule 12(b)(5). In any event, the argument fails on the merits.

be harmless where "the party asserting deficient service has actual knowledge of the action and no prejudice results from the deficiency"); *see also St. John Rennalls v. Cnty. of Westchester*, 159 F.R.D. 418, 420 (S.D.N.Y. 1994) ("Where a party contesting service of process has received actual notice, service requirements under Fed. R. Civ. P. 4 are construed liberally.").

In sum, Kearney's motions to dismiss must be and are DENIED.

## MOTION TO STRIKE

Kearney's Rule 12(f) motion to strike the entire Complaint is similarly devoid of merit. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To prevail on a Rule 12(f) motion to strike, a party must demonstrate . . . (1) [that] no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Winklevoss Capital Fund, LLC v. Shrem*, 351 F. Supp. 3d 710, 721 (S.D.N.Y. 2019) (cleaned up).  In evaluating a Rule 12(f) motion, courts ordinarily should not "strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). "As such, motions to strike are viewed with disfavor and infrequently granted." *Winklevoss*, 351 F. Supp. 3d at 722 (cleaned up).

Applying these standards here, the Court need not dwell long on Kearney's motion to strike.  He argues that certain allegations — relating to Kearney's mental health history and events between Calle and Kearney — should be stricken because they "are not necessary to satisfy the animus requirement of [VGMVPL]."  Def.'s Mot. 20-21.  But that is not a basis to strike under Rule 12(f), and Kearney falls far short of demonstrating that such allegations have

"no possible relation or logical connection to the subject matter of the controversy." *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 429 (S.D.N.Y. 2019).  Nor does Kearney identify any basis to strike the exhibits attached to the First Amended Complaint, namely photographs depicting Calle's various injuries.  *See* ECF Nos. 8-1, 8-2, 8-3, 8-4, 8-5.[3]  Quite the opposite.  Indeed, the very case upon which Kearney relies in making this argument, *see* Def.'s Mot. 21, allowed the plaintiff to include a photograph as an exhibit to her pleading, *see Cabot v. Wal-Mart Stores, Inc.*, No. 11-CV-0260 (JB) (RHS), 2012 WL 1378529, at *1 (D.N.M. Apr. 10, 2012).  Accordingly, Kearney's motion to strike is DENIED.[4]

## CONCLUSION

In sum, Kearney's motions must be and are DENIED.

Unless and until the Court orders otherwise, Kearney shall file his Answer to the Complaint within **three weeks of the date of this Memorandum Opinion and Order**.  *See* Fed R. Civ. P. 12(a)(4)(A).  In addition, the initial pretrial conference, previously adjourned, is hereby reinstated and RESCHEDULED for **September 3, 2025**, at **9:00 a.m.**  To access the conference, counsel should call the Court's dedicated conference call line at (855) 244-8681 and use access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again.  The parties are reminded to follow the procedures for

---

[3]    Although Calle did not attach these photograph exhibits to the Second Amended Complaint, they are nonetheless incorporated by reference into the operative pleading.  *See e.g., de Fernandez v. MSC Mediterranean Shipping Co. S.A.*, No. 1:22-CV-6305 (GHW), 2024 WL 5047492, at *20 n.25 (S.D.N.Y. Dec. 9, 2024) ("Exhibits attached to the original complaint are properly considered on a motion to dismiss, even though the Amended Complaint is the operative pleading." (internal quotation marks omitted)); *accord Cole v. Blackwell Fuller Music Publ'g, LLC*, No. 16-CV-7014 (VSB), 2018 WL 4680989, at *1 (S.D.N.Y. Sept. 28, 2018).

[4]    Kearney's alternative request to seal the Complaint is even more baseless.  *See, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 145 (2d Cir. 2016) (holding that a complaint cannot be sealed based on a party's "naked conclusory statement that publication will injure it" (cleaned up)).

telephone conferences described in the Court's Individual Rules and Practices for Civil Cases, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman, including Rule 3(B)(i), which requires the parties, no later than twenty-four hours before the conference, to send a joint email to the Court with the names and honorifics (e.g., Mr., Ms., Dr., etc.) of counsel who may speak during the conference and the telephone numbers from which counsel expect to join the call.  The parties are reminded that, no later than the Thursday before the conference, they must submit a joint status letter and proposed Case Management Plan.  *See* ECF No. 7.

    The Clerk of Court is directed to terminate ECF No. 12.

    SO ORDERED.

Dated: July 31, 2025
       New York, New York

                                                    JESSE M. FURMAN
                                                   United States District Judge