

*Attorneys at Law*
45 BROADWAY, 28TH FLOOR, NEW YORK, NEW YORK  10006
TEL.: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
*A PROFESSIONAL LIMITED LIABILITY COMPANY*

February 4, 2026

**VIA ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

**Re: Ruth Calle v. Cannon Kearney**
**Case No.: 1:25-cv-1265 (JMF)**

Dear Judge Furman:

We represent Plaintiff in the above-referenced action.  We write pursuant to Rule 3(D) of Your Honor's Individual Practices and Local Civil Rule 37.2 to seek the Court's guidance regarding Defendant's failure to meaningfully comply with discovery obligations, in light of the Court's February 10, 2026 deadline. (ECF No. 48).

On January 15, 2026, the parties appeared for an in-person conference. Following that conference, the Court ordered that: (1) Defendant respond to Plaintiff's proposed ESI protocol by January 20, 2026; (2) document discovery be completed by January 29, 2026; and (3) the parties file a joint letter by February 2, 2026, confirming that document discovery was complete. (ECF No. 44).

On January 28, 2026, Defendant served responses to Plaintiff's First Set of Interrogatories and Document Demands.  On January 29, 2026, Plaintiff served responses to Defendant's First Set of Interrogatories and Document Demands.  That same day, Plaintiff sent Defendant a deficiency letter identifying substantial defects in Defendant's responses and production, particularly the implausibly limited scope of the production.

On February 2, 2026, Defendant asserted that Plaintiff's responses failed to identify responsive documents with sufficient particularity.  Later that day, the parties submitted a joint status letter advising the Court that they were continuing to meet and confer in good faith.  On the morning of February 3, 2026, the parties conferred again.  Here, Plaintiff's counsel advised that we would supplement the production to identify the documents responsive to each document demand, while also notifying Defendant that we intended to serve a more detailed deficiency letter and move to compel if Defendant failed to cure his own deficiencies.

Then, the Court issued an Order directing the parties to "tie up loose ends" and certify that document discovery is complete by February 10, 2026, and to file a joint status letter by that date. (ECF No. 48).

On February 3, 2026, Plaintiff produced an additional 877 documents along with a corresponding privilege log. On February 4, 2026, Plaintiff further cured the issues raised by Defendant by producing two tables identifying the applicable Bates ranges and the specific document demands to which nearly 10,000 documents are responsive. At this time, Plaintiff has fully completed her discovery obligations.

Today, Plaintiff also served Defendant with a comprehensive deficiency letter. *See* **Exhibit 1**. Specifically, many of Defendant's responses appear to materially mischaracterize Plaintiff's discovery requests. For example, Plaintiff's Document Demand No. 9 sought "any and all documents relating to any hotels, motels, Airbnbs, or VRBO rentals in which Defendant KEARNEY and Plaintiff stayed, including receipts, credit card charges, or communications." Defendant's response recast this request as seeking "all photographs or videos depicting Plaintiff," completely omitting the majority of the requested categories. This mischaracterization is illustrative of numerous other deficiencies documented in Plaintiff's table attached to **Exhibit 1**. The scope and nature of these mischaracterizations are highly concerning, and suggest that errors, whether inadvertent or due to automated processing, may have affected Defendant's responses.

Additionally, Plaintiff has produced over 10,000 documents and provided 460 pages of navigational aids to facilitate Defendant's review. Within that production were approximately 3,320 emails which *directly included Defendant*. However, Defendant, by contrast, has produced merely 121 documents and has offered no explanation for the glaring absence of communications, records, and electronically stored information. Moreover, Defendant's duty to preserve relevant documents attached years ago, as the parties have repeatedly engaged in actual litigation and explicit threats of litigation for more than a decade. With this, and considering that Defendant is a licensed attorney, he is well aware of his duty to preserve relevant documents in anticipation of litigation. Thus, given the limited scope of Defendant's production, Plaintiff anticipates that the case may also involve potential spoliation issues.

In response to Plaintiff's deficiency letter dated February 4, 2026, Defendant's paralegal replied that Defendant's counsel is searching his Yahoo email account (cannoncurry@yahoo.com) though Plaintiff has produced correspondence with Defendant from 18 other email addresses. *See* **Exhibit 2**. Attached as **Exhibit 3** is a chart documenting all of the emails in which Plaintiff corresponded with Defendant. To date, Plaintiff has not received relevant correspondence from email addresses other than cannoncurry@yahoo.com and cannon.c.kearney@gmail.com.

As the February 10, 2026 deadline approaches, Plaintiff is concerned that certifying the completion of document discovery would be inaccurate in light of Defendant's continued noncompliance. Plaintiff has made repeated, good-faith efforts to meet and confer to comply fully with the Court's Orders, but those efforts have been unsuccessful. Accordingly, Plaintiff respectfully seeks the Court's guidance on how to proceed, including whether Plaintiff should immediately file a motion to compel and reserve its right to seek appropriate sanctions, or whether the Court prefers an alternative procedure under the circumstances.

We thank Your Honor in advance for your consideration in this matter.

Sincerely yours,

**PHILLIPS & ASSOCIATES PLLC**

*/s/ Jesse S. Weinstein*
Jesse S. Weinstein, Esq.
45 Broadway, 28th Floor
New York, New York 10006
Telephone: (212) 248-7431

Defendant is on notice that the consequence of failing to comply with his discovery obligations will be sanctions, see ECF No. 48, and thus shall cure any and all deficiencies before the February 10th deadline or else.  Plaintiff should update the Court and either seek appropriate relief or propose a briefing schedule for the same (i.e., either or both a motion for sanctions and a spoliation motion) in the joint letter due on February 10th.  The Clerk of Court is directed to terminate ECF No. 49.

SO ORDERED.

February 5, 2026